UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                    Criminal No. 12-cr-43-JD

Joseph Edwards

## O R D E R

Defendant Joseph Edwards moves to suppress all evidence seized during a search of his home pursuant to a warrant issued by the Goffstown District Court on January 26, 2010. Edwards contends that the search warrant failed to comply with the Fourth Amendment because it was issued without probable cause. He further argues that the good faith exception does not apply. The government objects to the motion.

## Background

On December 9, 2009, a former employee of ServPro Cleaning Service of Hooksett, New Hampshire, contacted Sergeant David Moloney of the Goffstown Police Department. The former employee told Moloney that about two weeks earlier, another ServPro employee had seen a box containing pictures of child pornography in a client's bedroom. The client was Joseph Edwards.

On January 26, 2010, Goffstown Police Department Detective Thomas Hammond and another officer went to Edwards's apartment. When they arrived, they spoke with Edwards and told him that they had received an anonymous report that he had child pornography in

his apartment. Edwards replied that he did not. Hammond asked Edwards if he would mind if the officers looked around his apartment. Edwards replied "no" and signed a "consent to search form."

The officers began looking in Edwards's bedroom where the former employee had said the box containing child pornography was located. While in the bedroom, Edwards pointed to a computer in the corner of the room and said, "the computer is over there if you want to look at it." Hammond went over to the computer and clicked on the icon titled "my pictures." A window opened up showing several hundred thumbnail photographs.

The photographs contained images of nude women and nude girls who appeared to Hammond to be underage because of their lack of physical development. Hammond asked Edwards if he thought the images could be considered child pornography. Edwards replied, "yes." Hammond told Edwards that he would be requesting a search warrant for Edwards's apartment, and that he was free to leave.

Hammond returned to the police department and met with Moloney, who prepared an affidavit and application for a search warrant of Edwards's apartment. In his affidavit, Moloney stated:

> As Detective Hammond scrolled down through the photo's [sic], he observed nude photos of adult women [and] images of girls who appeared to [sic] underage, in that they appeared to be prepubescent. Detective Hammond

2

observed photos of young girls who had underdeveloped
or no breasts and no pubic hair, in explicit poses. As
Detective Hammond observed these photos, he asked
[Edwards] if he felt the images could be considered
child pornography and [Edwards] replied "yes."

At about 9:30 p.m. that same night, Judge Paul Lawrence of the Goffstown District Court signed the search warrant. The police later seized several items from Edwards's apartment, including the computer on which Hammond had seen the photographs. The police examined the computer and determined that it contained numerous images of child pornography.

## Discussion

Edwards contends that the search warrant was invalid because the affidavit in support of the warrant failed to attach copies of the alleged pornographic images or contain a sufficiently detailed description of the images. Therefore, he contends that the warrant fails to comply with the Fourth Amendment because the judge who signed the warrant did not have probable cause to do so. The government objects, contending that the affidavit provided a sufficient basis for the judge to make a determination of probable cause. The government further argues that the good faith exception to the exclusionary rule protects the search from invalidation because the officers had an objectively reasonable belief that probable cause existed.

A. Whether Probable Cause Supported the Warrant

The Fourth Amendment provides that "no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation . . . ." U.S. Const. amend. IV. In determining whether probable cause exists, the judicial officer contemplating the issuance of a warrant must make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983); see also United States v. Keene, 341 F.3d 78, 81 (1st Cir. 2003). Thus, "[t]he standard of probable cause requires a probability, not a prima facie showing, of criminal activity." United States v. Burke, 999 F.2d 596, 599 (1st Cir. 1993).

"This judicial determination is particularly important in child pornography cases, where the existence of criminal conduct often depends solely on the nature of the pictures." United States v. Brunette, 256 F.3d 14, 18 (1st Cir. 2001). "[A]n affiant must establish probable cause, based on the totality of the circumstances, that evidence of child pornography depicting minors will be discovered at a particular location to secure a warrant to search at that location." United States v. Syphers, 426 F.3d 461, 466 (1st Cir. 2005). In reviewing the existence of probable cause to issue a warrant, "the issuing magistrate's

determination should be paid great deference." United States v. Chiaradio, 684 F.3d 265, 279 (1st Cir. 2012) (internal quotation marks and citation omitted).

Edwards argues that the description of the alleged pornographic images in Moloney's affidavit is insufficient to establish probable cause. He cites the following language in Syphers concerning applications for search warrants in child pornography cases: "[i]f copies [of the images] cannot feasibly be obtained, a detailed description, including the focal point and setting of the image, and pose and attire of the subject, will generally suffice to allow a magistrate judge to make a considered judgment." 426 F.3d at 465.

The standard, however, is whether the totality of the circumstances provides probable cause to issue the search warrant. Id. at 466. Here, the affidavit provides a fair probability that "evidence of child pornography depicting minors [would] be discovered" at Edwards's apartment. Id. An individual reported to the police that a former co-worker had seen child pornography in Edwards's apartment. See United States v. White, 2007 WL 2438002, at *1 (5th Cir. Aug. 22, 2007) (noting that an informant's tip that the defendant had child pornography in his home was likely sufficient to establish probable cause for a search warrant). Hammond saw photos of nude women, including "girls who appeared to be underage, in that they appeared to be

5

prepubescent . . . [because they] had underdeveloped or no breasts and no pubic hair . . . in explicit poses." See Syphers, 426 F.3d at 466 (noting that whether the search warrant was supported by probable cause was a "tough call" because "the application did not . . . provide any detailed description of the physiological features of the persons depicted in those images (i.e., by describing body proportion, growth and development)"). In addition, and not without significance, is the fact that Hammond asked Edwards if he felt the images could be considered child pornography and Edwards replied, "yes."

The facts set forth in Moloney's affidavit establish "probable cause, based on the totality of the circumstances, that evidence of child pornography depicting minors" would be found at Edwards's home. Id. at 466. Therefore, the search warrant complied with the Fourth Amendment.

B. Good Faith Exception to the Exclusionary Rule

Even if the judge's probable cause determination was erroneous, Edwards's motion to suppress would be denied under the good faith exception to the probable cause requirement.

In United States v. Leon, 468 U.S. 897, 920-21 (1984), the Supreme Court limited application of the exclusionary rule, holding that evidence seized pursuant to a lawfully issued search warrant will not be suppressed when law enforcement officers act

with objective good faith in obtaining the search warrant and act within its scope. The good faith exception to the exclusionary rule "protects good faith police reliance on a magistrate search warrant, even if the warrant later proves invalid." United States v. Procopio, 88 F.3d 21, 28 (1st Cir. 1996). Therefore, "[i]n the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." United States v. Robinson, 359 F.3d 66, 70 (1st Cir. 2004) (internal quotation marks and citation omitted).

Edwards argues that Syphers requires that the application for a warrant attach the alleged pornographic images or contain a sufficiently detailed description, and that this requirement had to be satisfied at the time the police sought the search warrant. He further argues that the affidavit's description of the photographs was so lacking in detail that the officers who executed the warrant could not possibly have had an objectively reasonable belief that the warrant was supported by probable cause.

As discussed above, the affidavit included a description of the photographs, including information concerning the girls' ages, appearance, and lack of physical development. Assuming

7

without deciding that the description of the images lacked the level of detail suggested by Syphers, it was not so lacking that the officers would not have had an objectively reasonable belief that probable cause supported the issuance of the warrant, particularly in light of the other factors supporting probable cause. Therefore, even if there were no probable cause to issue the search warrant, the good faith exception to the exclusionary rule would protect the validity of the search.

## Conclusion

For the foregoing reasons, the defendant's motion to suppress (document no. 12) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

September 12, 2012

cc: Jonathan R. Saxe, Esq.
Helen W. Fitzgibbon, Esq.
U.S. Probation
U.S. Marshal

8